UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| CLINTON REAGOR BRANNEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-122 |
| | ) | |
| KIRK MCGLAMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Stay, doc. 10. For the following reasons, the motion is **DENIED**. Defendants are **DIRECTED** to file a motion to dismiss for lack of jurisdiction within fourteen days from the date of this Order.

## BACKGROUND

On January 1, 2019, plaintiff left a friend at his house and went to visit his grandparents. Doc. 1 at 2. After his friend left the house, and while plaintiff was still absent, the Bulloch County Sheriff's Office ("BCSO") was called to plaintiff's home by plaintiff's ex-girlfriend. *Id.* at 3. Upon arrival, Deputy Sullivan and plaintiff's ex-girlfriend, Amy Girardeau, entered plaintiff's

home without his consent and discovered a baggie of "powder."[1]  *Id.* at 3. According to plaintiff, BCSO officers Kearney, McGlamery, and Lanier were also on duty on January 1, 2019.  *Id.*  On his way home from his grandparents' house, plaintiff stopped at a Zip-n-Food.  *Id.*  Around 5:02 p.m., dispatch radioed McGlamery and Lanier and told them that the clerk from the store reported that an individual had taken a lottery ticket out of someone's hand and was pacing back and forth.  *Id.*  McGlamery and Lanier arrived six minutes latter and approached plaintiff.  *Id.*  In addition to asking whether plaintiff was carrying a weapon, McGlamery asked plaintiff for identification.  *Id.* at 4. Plaintiff refused to provide identification and used "vulgar" language.  *Id.* McGlamery and Lanier then proceeded to "grab [plaintiff's] left arm . . . , told him he was under arrest, and a struggle ensued."  *Id.* at 4.  Plaintiff was forced into a patrol car and his pockets were searched, in one of which McGlamery and Lanier found a baggy of methamphetamine.  *Id.* at 6.

Plaintiff was ultimately charged with two counts of felony terroristic threats, disorderly conduct, criminal trespass, two counts of felony obstruction, and possession of methamphetamine and possession of a drug related object.  *Id.* at 6.  Plaintiff asserts that Lanier provided false information

---

[1] Plaintiff asserts that he was unaware of the seizure of the baggie of powder from his home both prior to and during his criminal trial.  *Id.* at 5.

2

on the application for the warrant on which plaintiff's subsequent arrests were based. *Id.* While he was detained at Bulloch County Jail, plaintiff was also tased by a "Ms. Miles." *Id.* at 8. He brings claims for false arrest and prosecution, illegal seizure, false imprisonment, violations of the Fourteenth Amendment for punishment without Due Process. *See* doc. 1. Defendants moved to stay this case pending the conclusion of the criminal trial against plaintiff. Doc. 10.

## ANALYSIS

Defendants supplement the complaint's historical recitation by explaining that plaintiff was tried and convicted of most of the listed charges on November 21-22, 2019. Doc. 10 at 2. Plaintiff filed a motion for a new trial on December 4, 2019[2], *id.*, with multiple subsequent amended motions. *Id.* A hearing on the motion was held on November 19, 2020, and a new trial granted on December 9, 2020. *Id.* The State filed an appeal from the order granting a new trial. *Id.* Plaintiff filed this complaint on December 28, 2020, doc. 1, and on December 31, 2020, the Superior Court denied plaintiff's subsequent motion for a supersedeas bond.[3] *Id.* The appeal of the grant of a

---

[2] The motion recites December 4, 2020, but then notes that *subsequent* motions were filed in later December 2019, October 2020, and November 2020. Doc. 10 at 2.
[3] The court's order suggests that the denial of the bond was based on plaintiff's filing of this action immediately prior to the bond hearing. Doc. 10-5 at 2. It appears that this

3

new trial has not been heard, nor has a new trial date been set. *Id.* at 2-3. Defendants believe that these claims should be stayed because neither plaintiff's malicious arrest or illegal seizure claims are ripe for disposition as the criminal charges remain pending and have not been adjudicated. *Id.* at 3. However, defendants also acknowledge that the Court likely does not have jurisdiction over these two claims because they are not yet ripe. Doc. 14 at 4. Defendants acknowledge that "[a]n appropriate action may be for Defendants to move to dismiss this claim or move for judgment on the pleadings in regard to this claim on jurisdictional grounds." *Id.* n. 3.

     This musing by defense counsel hits the proverbial nail on the head. If the claims are not yet ripe, the Court lacks jurisdiction. Plaintiff has asserted claims for malicious prosecution and an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). It does not appear from the briefing that such an element has been met. However, plaintiff *does* suggest[4] that the prosecution has terminated in his favor. Doc. 1

---

determination was made partly because the Superior Court determined that the motion was made with the purpose of harassing witnesses.

[4] Specifically, Plaintiff asserts that "[a] claim for damages is cognizable under § 1983 when the prior criminal proceeding was declared invalid by the Bulloch County Superior Court, a state tribunal authorized to make such determination, resulting in the requisite termination in favor of Mr. Brannen, the accused." Doc. 1 at 10.

4

at 10. While the proper adjudication for unripe claims is dismissal (rather than a stay), the Court will not *sua sponte* dismiss these claims given both the procedural posture and the assertions raised in plaintiff's complaint. However, defendant is **DIRECTED** to file a motion to dismiss within fourteen days from the date of this Order raising any of the issues alluded to in the motion to stay. Because a stay would not be appropriate if the claims are not ripe, the motion to stay is **DENIED**. Doc. 10. Defendants are free to refile the motion to stay if they believe adequate support exists.

## CONCLUSION

For the following reasons, the motion to stay, doc. 10, is **DENIED**. Defendants are **DIRECTED** to file a motion to dismiss for lack of jurisdiction within fourteen days from the date of this Order.

**SO ORDERED,** this <u>16th</u> day of March, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA