IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CLINTON REAGOR BRANNEN,<br><br>     Plaintiff,<br><br>   v.<br><br>KIRK MCGLAMERY, in his individual capacity; and DUSTIN LANIER, in his individual capacity,<br><br>     Defendants. | CIVIL ACTION NO.: 6:20-cv-122 |

**O R D E R**

This matter is before the Court on Defendants Kirk McGlamery and Dustin Lanier's Partial Motion to Dismiss.  (Doc. 18.)  Plaintiff filed this 42 U.S.C. § 1983 suit alleging claims for malicious arrest and malicious prosecution under the Fourth Amendment, unreasonable search and seizure under the Fourth and Fourteenth Amendments, false imprisonment, and use of force without due process.  (See doc. 1.)  Defendants now move for dismissal of Plaintiff's malicious prosecution claim (Count I) under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction over the claim because the claim is not ripe.  (Doc. 18.)  Plaintiff filed a Response, (doc. 20), and Defendants filed a Reply, (doc. 22).  For the reasons explained below, the Court **GRANTS** Defendants' Partial Motion to Dismiss.  (Doc. 18.)

BACKGROUND

I.   **Factual Allegations**

This Section 1983 suit arises out of the Bulloch County Sheriff's Department's arrest of Plaintiff Clinton Brannen on January 1, 2019.  (See doc. 1, pp. 2–9.)  According to the Complaint,

Plaintiff's ex-girlfriend reported Plaintiff to the Bulloch County Sheriff's Office for "damaging the inside of his mobile home." (Id. at p. 3.) In response to the ex-girlfriend's call, Deputy Sheriff Bradley Sullivan (who is not a party to this suit) visited Plaintiff's mobile home and, along with the ex-girlfriend, entered Plaintiff's home. (Id.) While inside Plaintiff's home, Deputy Sullivan seized a "baggie of powder." (Id.) During this time, Plaintiff was not home. (Id.)

Later in the day, dispatch informed Defendant Kirk McGlamery, a lieutenant with the Bulloch County Sheriff's Office, and Defendant Dustin Lanier, a Bulloch County Sheriff's Deputy, that a convenience store clerk reported that someone had "snatched a lottery ticket out of a lady's hand" at the convenience store. (Id. at pp. 1, 3.) Defendants arrived at the convenience store and approached Plaintiff, who had stopped at the convenience store after visiting his grandparents' home. (Id. at p. 3.) Defendants then asked Plaintiff for identification. (Id. at p. 4.) During this encounter, Plaintiff responded to Defendants using "vulgar" language. (Id.) Defendant McGlamery then "grabbed [Plaintiff's] left arm . . . , told him he was under arrest, and a struggle ensued." (Id.) Indeed, the Complaint states that Plaintiff "physically and verbally resisted" the arrest. (Id. at p. 5.) Defendant Lanier assisted Defendant McGlamery in arresting Plaintiff, and Deputy Sullivan was called to the scene. (Id.) Defendants then seized from Plaintiff's pocket a "baggy of the same description" as the bag that Deputy Sullivan had seized earlier in the day from Plaintiff's home. (Id. at p. 5.)

## II.   Procedural Background

Based on the events of January 1, 2019, Plaintiff was charged with one count of possession of methamphetamine, two counts of making terroristic threats and acts, two counts of felony obstruction of law enforcement, two counts of misdemeanor obstruction of law enforcement, one

count of possession of a drug-related object, one count of criminal trespass, and one count of disorderly conduct. (See doc. 18, p. 1; see also doc. 20, p. 1 ("Plaintiff does not dispute the facts as presented in the 'Introduction' section of Defendants' Motion. Doc. 18."); doc. 10-1, pp. 2–3.) On November 22, 2019, a jury found Plaintiff guilty on all counts except the criminal trespass charge and the two felony obstruction charges.[1] (See doc. 18, pp. 1–2; see also doc. 10-1, pp. 2–3.) Plaintiff subsequently filed a motion for a new trial, which the Bulloch County Superior Court granted. (See doc. 18, p. 2.; see also doc. 10-3, p. 2.) Plaintiff then filed a motion for supersedeas bond, which the Superior Court denied. (Doc. 18, p. 2.) The prosecution appealed the Superior Court's decision to grant Plaintiff a new trial, (doc. 10-6, p. 2), and Plaintiff appealed the Superior Court's denial of his motion for supersedeas bond, (doc. 18, p. 2). Both appeals remain pending. (Id.; see doc. 10-3.)

On December 28, 2020, Plaintiff filed this suit against Defendants pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff asserts claims for malicious arrest and malicious prosecution under the Fourth and Fourteenth Amendments (Count I); unreasonable search and seizure under the Fourth and Fourteenth Amendments (Count II); false imprisonment under Georgia law (Count III); and use of force without due process in violation of the Fourteenth Amendment (Count IV). (Id. at pp. 9–12.) Defendants then filed the at-issue Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Plaintiff's malicious prosecution claim because that claim is not ripe. (Doc. 18.) Plaintiff filed a Response, (doc. 20), and Defendants filed a Reply, (doc. 22).

---

[1] Concerning the felony obstruction charges, the jury verdict form shows that the jury could choose between finding Plaintiff guilty of felony obstruction or finding him guilty of misdemeanor obstruction but not both. (Doc. 23-1, p. 2.) The jury returned two guilty verdicts for misdemeanor obstruction. (Id.)

3

## STANDARD OF REVIEW

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction over that claim. Motions pursuant to Rule 12(b)(1) take one of two forms: a "facial attack" on subject matter jurisdiction based on the complaint's allegations taken as true or a "factual attack" based on evidentiary matters outside of the pleadings. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Here, Defendants raise a factual attack on subject matter jurisdiction. (Doc. 18, p. 4.) In the "factual attack" context, the Court considers whether subject matter jurisdiction tangibly exists in fact, irrespective of the complaint's allegations. Id. When faced with such a challenge to subject matter jurisdiction, the plaintiff has the burden to prove facts which show jurisdiction exists over its claims. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002).

To resolve a factual attack, a court "may consider extrinsic evidence such as testimony and affidavits," rather than being constrained to the allegations in the complaint. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Courts are "free to weigh the facts" without viewing them in the light most favorable to the plaintiffs, subject to clearly erroneous review. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). In deciding a motion to dismiss for lack of subject matter jurisdiction, a court may dismiss the complaint on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." McElmurray, 501 F.3d at 1251 (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). While plaintiffs are entitled to a reasonable opportunity for discovery and, where necessary, a hearing on this issue, courts are empowered to decide factual

motions on affidavits alone, where appropriate, so long as they identify and explain their factual determinations. Williamson, 645 F.2d at 413–14. Furthermore, courts are to "use their judicial experience and common sense in determining whether" a case meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

## DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's malicious prosecution claim because the claim is not ripe. (Doc. 18, p. 4.) Ripeness implicates both constitutional and prudential concerns. Nat'l Advert. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005). Article III of the United States Constitution limits the power of federal courts to the adjudication of actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; see also Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). "The case-or-controversy restriction imposes what are generally referred to as 'justiciability' limitations." Strickland, 772 F.3d at 882. "Three strands of justiciability doctrine—standing, ripeness, and mootness— . . . go to the heart of the Article III case or controversy requirement." Harrell v. Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding ripeness, that doctrine relates to when a suit may be properly asserted. Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006). The purpose of the ripeness doctrine is "to avoid entangling courts in the hazards of premature adjudication." Shorter v. Warden, 803 F. App'x 332, 335 (11th Cir. 2020). Indeed, "the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." Nat'l Advert. Co., 402 F.3d at 1339. "A claim is not ripe for adjudication if it rests upon contingent future events that may not

5

occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotations omitted).

Furthermore, to establish a viable federal malicious prosecution claim under Section 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. See Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003). As to the first prong, a plaintiff must show he endured: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) *that terminated in the plaintiff accused's favor*; and (4) caused damage to the plaintiff accused." Id. at 882 (emphasis added); see also Green v. City of Lawrenceville, 745 F. App'x 881, 883 (11th Cir. 2018) (per curiam). The requirement that a prior criminal proceeding against the plaintiff "terminated in the plaintiff's favor" avoids "parallel litigation over the issues of probable cause and guilt . . . and . . . precludes the possibility of the [plaintiff] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Heck v. Humphrey, 512 U.S. 477, 484 (1994); see also McDonough v. Smith, 139 S. Ct. 2149, 2156–57 (2019) ("[M]alicious prosecution's favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments."). Moreover, the Eleventh Circuit Court of Appeals has stated that "the favorable-termination requirement functions as a rule of accrual, not as a criterion for determining whether a constitutional violation occurred." Laskar v. Hurd, 972 F.3d 1278, 1292 (11th Cir. 2020); see also Barr v. Gwinnett County, No. 1:12-CV-2006-WSD-LTW, 2012 WL 7828968, at

*5 (N.D. Ga. Dec. 4, 2012) ("Malicious prosecution claims do not accrue until (or unless) the criminal charges against the plaintiff, including any conviction, are fully resolved in his favor."). Indeed, "claims for malicious prosecution [are] not . . . ripe unless and until the criminal case against [the plaintiff] terminate[s] in his favor." Williams v. City of Birmingham, No. 2:16-cv-0650-JEO, 2017 WL 9487213, at *3 (N.D. Ala. Sept. 6, 2017) (citing Manuel v. City of Joliet, 137 S. Ct. 911, 921 (2017)).

According to Defendants, because Plaintiff's criminal proceedings are still pending in state court and have not terminated in his favor, Plaintiff's malicious prosecution claim has not yet accrued and should be dismissed for lack of subject matter jurisdiction. (Doc. 18, pp. 4–6.) As Defendants point out, this is a factual attack to subject matter jurisdiction, and, therefore, Plaintiff bears the burden of proving facts which establish the existence of subject matter jurisdiction. (Id. at p. 4); see OSI, Inc., 285 F.3d at 951. Plaintiff argues that his malicious prosecution claim is ripe because (1) the state court granted him a new trial and (2) the jury acquitted him of at least one of the charges (criminal trespass) against him prior to the state court granting his motion for a new trial. (Doc. 20, pp. 1–4.) According to Plaintiff, "the jury's acquittal of some of [his] charges and an order granting a new trial equate to . . . a favorable termination." (Id. at p. 3.)

The Court finds that Plaintiff's Fourth Amendment malicious prosecution claim is not ripe for review, and thus, the Court lacks subject matter jurisdiction to review that claim. Concerning Plaintiff's argument that the state court's order granting him a new trial satisfies the "favorable-termination" requirement, the Court finds that argument unavailing. As the Eleventh Circuit stated in Laskar, "[t]he favorable-termination requirement will bar a suit for malicious prosecution . . . *when the prosecution remains ongoing* or terminates in a way that precludes any finding that the

7

plaintiff was innocent of the charges that justified his seizure." 972 F.3d at 1293 (emphasis added). Here, the prosecution against Plaintiff "remains ongoing" because the state court ordered a new trial and the prosecution's appeal of that order is pending before the state appellate court. (See doc. 10-3; doc. 18-2, pp. 1–3.) The state appellate court could reverse the state court's order granting a new trial and reinstate his conviction on all counts charged except criminal trespass, or a jury at a new trial could—like the original jury—find Plaintiff guilty of some or all of the charges against him. Therefore, the Court finds that the favorable-termination requirement has not been met. See Uboh v. Reno, 141 F.3d 1000, 1005 (11th Cir. 1998) ("[C]ourts have refused to permit a finding of favorable termination . . . where a conviction has been reversed and the cause expressly remanded for retrial."), *abrogated on other grounds by* Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019); see also Thomas v. Louisville-Jefferson Cnty. Metro Gov't, No. 3:18-cv-00041-RGJ, 2019 WL 1099794, at *3 (W.D. Ky. Mar. 8, 2019) ("In the criminal matter against Thomas, the Commonwealth has appealed the trial court's decision to vacate Thomas's conviction. It is thus possible that the appellate court may eventually rule in the Commonwealth's favor and reinstate Thomas's conviction. Much like when an individual's conviction is overturned on appeal and remanded to the trial court, a matter cannot be said to have reached a final termination when a trial court has vacated an individual conviction, but the prosecution has appealed. Put simply, the matter is still ongoing."); Cat Tech LLC v. TubeMaster, Inc., No. H-07-1163, 2007 WL 9735946, at *1 (S.D. Tex. Aug. 22, 2007) ("Because it is undisputed that the prior lawsuit is still on appeal and this lawsuit remains pending, neither case has yet terminated in TubeMaster's favor. Moreover, it is not possible for this case to terminate finally in TubeMaster's favor while it is still

pending.  As a result, the malicious prosecution claim is not yet ripe and the Court lacks subject matter jurisdiction over it.").

Regarding Plaintiff's argument that his malicious prosecution claim is ripe because the jury acquitted him of one of the charges asserted against him, the Court also finds that argument unpersuasive.  Plaintiff is correct that the Eleventh Circuit held in Laskar that "a plaintiff can satisfy the favorable-termination requirement by proving that the prosecution against him formally ended in a manner not inconsistent with his innocence on at least one charge that authorized his confinement."  (Doc. 20, pp. 1–2 (quoting Laskar, 972 F.3d at 1284).)  However, as discussed above, the "prosecution" against Plaintiff has not ended.  Indeed, the criminal proceedings against Plaintiff are still pending in state court.  Therefore, the Court finds that Plaintiff's malicious prosecution claim is not ripe for review.  See Laskar, 972 F.3d at 1293 ("[T]he favorable termination element requires . . . that the *criminal proceedings* against the plaintiff formally end in a manner not inconsistent with his innocence on at least one charge that authorized his confinement.") (emphasis added).  To hold otherwise would create "parallel litigation over the issues of probable case and guilt" and could undermine the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[2]  Heck,

---

[2] The Court notes that in Uboh, the Eleventh Circuit held that "the dismissal of some charges of the indictment by the prosecutor—*notwithstanding Uboh's earlier conviction on other charges set forth in the indictment*—constituted termination in favor of the accused" for purposes of a malicious prosecution claim. 141 F.3d at 1006 (emphasis added).  In Uboh, the government charged the defendant with three counts related to the importation of narcotics and other counts related to credit card fraud. Id. at 1001. Notably, the district court severed the drug-related charges from the credit card fraud charges, and a jury convicted the defendant of credit card fraud. Id.  The government then unilaterally and voluntarily dismissed the drug charges, thereby disposing of all counts in the indictment. Id. at 1005.  The defendant subsequently filed suit against the government for malicious prosecution of the drug charges. Id. at 1001.  The Eleventh Circuit concluded that "[t]he fact that the allegations concerning drug trafficking were included alongside other charges for which Uboh ultimately *was* convicted does not alter our conclusion that the prosecutor's decision to dismiss the drug counts constituted favorable termination, particularly under the facts of this case." Id. at 1005.  In drawing this conclusion, the Eleventh Circuit stated that "Uboh was charged in the

512 U.S. at 484. When the state court resolves Plaintiff's criminal proceedings, Plaintiff may then be able to satisfy the "favorable termination" requirement. If and until that happens, however, Plaintiff's malicious prosecution claim is not ripe, and the Court, therefore, lacks subject matter jurisdiction over that claim. See id. at 489 ("[A] cause of action for malicious prosecution does not accrue until the *criminal proceedings* have terminated in the plaintiff's favor . . . .") (emphasis added); Nat'l Indus., Inc. v. Nat'l Indus., Inc., No. 76-34, 1977 WL 22779, at *1 (M.D. Fla. Jan. 27, 1977) ("The law is well-entrenched . . . within the [Fifth Circuit Court of Appeals] that a . . . separate action[] for malicious prosecution is not properly ripe for a court's jurisdiction until the particular *judicial proceeding* that constitutes the subject matter of the malicious-prosecution complaint has terminated in favor of the defendant in that original proceeding.") (emphasis added). Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Fourth Amendment malicious prosecution claim.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Partial Motion to Dismiss. (Doc. 18.) Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Fourth Amendment

---

indictment with two distinct offenses, drug importation and credit card fraud. Each of these offenses contains entirely different elements, neither charge is a lesser-included offense of the other, and the charges were not tried as part of the same proceeding." Id. However, the Eleventh Circuit then curtailed this reasoning, noting that its "consideration of these factors is not intended to convey any determination as to whether, given a different set of circumstances, dismissal of charges that *do* arise out of the same set of circumstances as the charges for which a defendant was convicted might constitute termination in favor of the accused." Id. at 1005 n.8. The Court finds Uboh distinguishable from the facts of this case because in Uboh, all the charges contained in the indictment had been disposed of when the defendant asserted his malicious prosecution claim, and the district court tried the fraud charges separately from the drug charges. Here, the criminal proceedings against Plaintiff remain pending in state court, and the state trial court tried the criminal trespass charge in the same trial as the other charges contained in the indictment. Moreover, whereas in Uboh the prosecution voluntarily dismissed the drug charges following the defendant's conviction for credit card fraud, the prosecution in this case seeks to reinstate Plaintiff's conviction on all but one count by appealing the state court's order granting a new trial. (See doc. 10-4.)

10

malicious prosecution claim (Count I).  The Court **LIFTS** the stay on this case, (doc. 24), and **ORDERS** the parties to conduct a Rule 26(f) Conference within **fourteen (14) days** from the filing of this Order and to file a Rule 26(f) Report within **seven (7) days** from the Rule 26(f) conference.[3] Failure to comply with these directives may result in the dismissal of this action or striking of the answer.

      **SO ORDERED**, this 23rd day of December, 2021.

 

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Rule 26(f) Report shall conform to the language and format of Judge Baker's Rule 26(f) Report Form located on the Court's website www.gasd.uscourts.gov under "Forms" and "Judge Baker-Instructions and Forms."