IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CLINTON REAGOR BRANNEN,

    Plaintiff,

v.      CV 620-122

KIRK MCGLAMERY, in his
individual capacity, and
DUSTIN LANIER, in his
individual capacity,

    Defendants.

O R D E R

Before the Court is the Parties joint motion to extend the Court's stay pending the Court's decision on Defendants' motion to dismiss. (Doc. 41.) For the following reasons, the Parties' motion is **GRANTED**.

I. BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 suit on December 28, 2020, alleging four counts against Defendants: malicious arrest and prosecution under the Fourth Amendment, illegal seizure under the Fourth and Fourteenth Amendments, state law false imprisonment, and use of force without due process. (Doc. 1, at 9-12.) The facts underlying the case were detailed in this Court's December 23, 2021 Order granting Defendants' partial motion to dismiss, in which the Court dismissed Count One of the Complaint

for lack of subject matter jurisdiction. (Doc. 25, at 1-3, 10-11.) On August 22, 2022, pursuant to Plaintiff's expressed intentions, the Court found Count IV and Plaintiff's claim for malicious arrest were also to be dismissed. (Doc. 37, at 4.) Furthermore, the Court stayed this case until February 16, 2023 due to a pending state judicial proceeding involving the same matters as this case. (Id. at 6-8.)

The underlying criminal charges have been resolved, and Defendants filed a motion to dismiss on November 11, 2022. (See Doc. 38.) Now, the Parties request the Court stay the case pending resolution of Defendants' motion to dismiss. (Doc. 41, at 1.)

## II. DISCUSSION

The Court evaluates the Parties' motion to stay pending the Court's resolution on the Defendants' motion to dismiss.

### A. Legal Standard

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123

F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (citations omitted). In evaluating discovery stays pending resolution of dispositive motions, "a court must take a 'preliminary peek' ... to assess the likelihood that the motion will be granted." Taylor v. Jackson, No. 4:16cv318, 2017 WL 71654, at * 1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting Sams v. Ga West Gate, LLC, No. 4:15cv282, 2016 WL 3339764, at * 6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Sams, 2016 WL 3339764, at *6.

B. Analysis

A preliminary review of Defendant's motion to dismiss reveals it raises potentially meritorious challenges to Plaintiff's

3

Complaint. Whether the Complaint can withstand the motion to dismiss requires a more thorough review by the Court; however, the motion to dismiss has potential merit, and, if granted, would dispose of Plaintiff's claims. Based on these findings, the Court is satisfied a stay pending the Court's decision on the pending motion to dismiss will conserve judicial resources and be in the best interest of the Parties.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Parties' motion to stay (Doc. 41) is **GRANTED** and the Clerk is directed to **STAY** all proceedings in this case pending the ruling on Defendants' motion to dismiss. Following the Court's ruling on the motion to dismiss, if there are claims remaining, the Parties are **DIRECTED** to meet and confer as required by Rule 26(f) within fourteen days of that order and file their Rule 26(f) Report within fourteen days of that conference.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of March, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA